IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:18-cr-0109 LY |
| | § | |
| JARED PATTON ROARK | § | |

# ORDER

Before the Court is the Defendant's Motion for Bond Pending Appeal (Dkt. No. 87), and the Government's Opposition (Dkt. No. 90). The motion has been referred to the undersigned for resolution. The Court held a hearing on the motion on November 6, 2019.

The relevant standard is set by statute:

> . . . the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). Roark has been on conditions of release since March 21, 2018. In the 20 months he has been under supervision, he has not fled, nor has he been accused of violating his conditions. There is accordingly no serious dispute that he is able to satisfy the requirements of § 3143(b)(1)(A), and the Court finds that there is clear and convincing evidence that Roark is not

likely to flee or pose a danger if released. The primary focus is therefore whether Roark is able to show that his appeal poses a substantial question of law or fact that is likely to result in either a reversal or an order for a new trial. Roark focuses on the arguments raised in his motion to suppress, which the district judge denied, to demonstrate this.

At the hearing, there was disagreement regarding the meaning of the phrase "likely to result in," as contained in § 3143(b)(1)(B). The Government contended that Roark is required to demonstrate that it is likely that the court of appeals will reverse the district judge's ruling on Roark's motion to suppress. Roark's position was that he need only show that he was raising a substantial issue, and that *if that argument prevails*, the likely result would be either a reversal or an order for new trial. The Fifth Circuit decided this question in *United States v. Valera-Elizondo*, 761 F.2d 1020 (5th Cir. 1985). Noting that it had not been presented with the question previously, the Circuit looked to the decisions of several other circuits faced with that issue. In explaining why it would follow those circuits, the court quoted liberally from decisions of the Third Circuit, including reciting the following from one of that court's decisions:

> The statutory language requiring a finding that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial" cannot be read as meaning, as the district court apparently believed, that the district court must conclude that its own order is likely to be reversed.
>
> . . .
>
> [W]e are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*Id.* at 1022-23 (quoting *United States v. Miller*, 753 F.3d 19, 23 (3rd Cir. 1985)). As the Fifth Circuit has phrased it in subsequent cases, to obtain release pending appeal, the defendant must show that "the appeal raises a substantial question of law or fact; and . . . that the substantial question, if decided favorably to the defendant, is likely to result in reversal [or] in an order for a new trial. . . ." *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990). As the court noted in *Clark*, a "substantial question" is one that is "close," or that "could very well be decided the other way" on appeal. *Id.* at 180 (quoting *Valera-Elizondo*, 761 F.2d at 1020).

Applying this standard, the Court believes that the suppression issue Roark has preserved for appeal is a "substantial question." The evidence and argument to support the district judge's denial of the motion to suppress is well articulated in the judge's order. *See* Dkt. No. 53. But as noted in the motion for bond pending appeal, there is room for argument regarding the justification the police officers offered for conducting the protective sweep they performed on Roark's residence. The Government's argument, accepted by the district judge, was that Roark's yelling when officers brought him toward his apartment, combined with what was known about Roark and his affiliations, created exigent circumstances that would lead a reasonable officer to believe that the apartment harbored one or more individuals who posed a danger to those on the arrest scene. This question is debatable, given the evidence from the body cameras of several of the officers at the scene. For example, Roark was arrested well away from his apartment, the apartment was on the second floor and he was on the ground level (in custody and handcuffs), while there was at least one, if not two, officers immediately in front of the apartment door, making it difficult for anyone in the apartment to exit the apartment, access the stairway, and approach the arrest scene—which was one floor below. It was the officers who approached the apartment, knocked on the door, and confronted the

3

other occupant of the apartment. No one in the apartment ever attempted to exit prior to this. The body camera video also creates a substantial question regarding whether the lead officer was well aware that Roark's yelling was primarily a request for his girlfriend to call his attorney, as the officer stated more than once in phone conversations with the officer who drafted the warrant that Roark was telling his girlfriend to "call his lawyer, to call George." This is potentially inconsistent with the officer's testimony that he understood Roark's yelling as a request for "confederates" to come to his aid or to interfere with the arrest. Further, the demeanor of each officer who was at the residence door prior to the protective sweep was arguably inconsistent with an officer who feared for his safety because he believed there might be confederates in the apartment intending to intervene in the arrest or approach the arrest scene. Instead, the officers all appeared relaxed, and calmly chatted with Roark's girlfriend while they awaited instructions on whether to enter the apartment.[1]

Finally, there is no real dispute that, if the question *is* decided the other way on appeal, it is likely to result in either a reversal or an order for a new trial. Roark was convicted, after a conditional plea of guilty, of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). The firearms and ammunition were discovered as a result of being seen by the officers who conducted the protective sweep, and that information was the probable cause that led to the search warrant the officers obtained to seize the weapons. If the protective sweep was unconstitutional, it seems clear that the evidence seized pursuant to the warrant would constitute proverbial "fruit of the poisonous tree" and therefore be subject to suppression. *See Nardone v.*

---

[1] Again, the undersigned notes this evidence not to question the district judge's ruling, but only to note that there is evidence in the record to support the defendant's argument, to show that the question presented by the suppression motion is "close" or "one that could very well be decided the other way."

*United States*, 308 U.S. 338, 341 (1939). Without that evidence, the Government's case is seriously, if not fatally, impaired.

As the Court concludes that Roark has demonstrated all of the requirements of § 3143(a)(1), the Defendant's Motion for Bond Pending Appeal (Dkt. No. 87) is **GRANTED** and Roark shall continue to be governed by the Order Setting Conditions of Release entered by the undersigned on March 21, 2018 (Dkt. No. 15), pending his appeal to the Fifth Circuit Court of Appeals. The order entered by the undersigned requiring Roark to surrender to the B.O.P. by November 20, 2019, is hereby rescinded.

SIGNED this 15th day of November, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE